IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:06-CR-63-MEF-DRB |
| | ) | WO |
| REGINALD RANDALL GLANTON | ) | |

## ORDER OF REVOCATION AND PRETRIAL DETENTION

At the scheduled revocation hearing on the **petition for revocation of the defendant's pretrial release supervision (Doc. 15)**, Defendant Reginald Randall Glanton ("Glanton"), by his appointed counsel, Assistant Federal Defender Kevin Butler, admitted each of the two violations alleged and stipulated that the government's evidence would be sufficient to establish his noncompliance with *Condition 7a ("The defendant shall report to Pretrial Services, Middle District of Alabama as directed by the Pretrial Services Officer.")*

The undersigned court imposed *Condition 7a* and other pretrial release conditions, in its Order releasing Glanton on March 14, 2006, following his arrest on a March 1, 2006, indictment charging him, a convicted felon, with being in possession of a firearm; his trial was scheduled before Chief Judge Mark Fuller initially on September 11, 2006, and continued to September 18, 2006. Trial remains pending as Glanton was not located and arrested until September 18, 2006.

Notwithstanding his admission on the asserted violations, Glanton maintained that pretrial release conditions could be fashioned which would ensure his compliance with release conditions and his appearance in court as required, as there is no contention that he poses a danger to the community. Accordingly, the court received defense testimony from LaWanda Glenn, a 24 year- old Dothan resident who described herself as Glanton's girlfriend ("Glenn"), and from Janie Glanton, the defendant's 37 year-old sister, also a Dothan resident. The United States solicited the testimony of Probation Officer Louis D. Johns. After due consideration of all relevant testimony, the court concludes, and now explains, that revocation and detention are warranted.

## I.

## FINDINGS

**1. By his own admissions, Defendant Glanton has violated – in two respects – the condition 7a requirement that he report to his pretrial services officer as directed:** (1) failing to report changes in his residence, and (2) failing to report to his pretrial services officer weekly by telephone.

**2. The evidence fails to establish that Defendant's proffered conditions for pretrial release – residence with his girlfriend, third party custodial supervision by his girlfriend and sister, full-time work, and drug tests three times weekly – would reasonably ensure his compliance with all pretrial release conditions and his appearance in court as required.**

Glanton assumes responsibility for the violations but no evidence suggests any reasonable explanation for his refusal either to maintain weekly contacts with his probation officer since March 27, 2006, or to report changes in his residence. If he maintained work with a landscaping company in Dothan, as represented by his witnesses, his neglect to make the weekly telephone calls is especially curious and tends to raise doubts about the claim of employment. The court finds credible the probation officer's account of his diligent efforts to locate Glanton in July and discredits suggestions that Glanton never received messages left for him at his mother's residence in Abbeville and at his sister's residence in Dothan.

Glanton's positive testing for marijuana in May, while not asserted as a violation, cannot be ignored as he was advised that another test would be given in three weeks; indeed, it is reasonable to assume that this notice of re-testing factored in his failure to maintain contacts with his pretrial services officer.

Neither Glenn's testimony nor her willingness to serve as a third-party custodian merits much weight. While describing herself as Glanton's girlfriend for the past seven months, she acknowledged that he stayed with her only "off and on" and that he had not honestly shared with her the facts of his indictment and pretrial release conditions. Neither her status as Glanton's girlfriend nor his

residence with her even occasionally had been communicated to Probation Officer Johns, whose efforts to locate Glanton resulted in information from his mother and sister about his possible whereabouts; no one identified Glenn and another woman named "Stacey" made phone contacts on behalf of Glanton, describing herself to Officer Johns as Glanton's girlfriend.  Glenn's work shift – from 10 p.m. to 7:00 a.m.  at a Chevron station on the Montgomery highway – makes her an unreliable candidate for his third-party supervision.

Glanton's sister Janice drives about 45 minutes from her Dothan home to work at a north Florida nursing home, for a 7:00 a.m. to 3:00 p.m. daily shift.  Her testimony underscored the defendant's failure to keep her apprised of his pending criminal case, her knowledge of his girlfriend Stacey, and her inability – notwithstanding her represented willingness – to be an effective third-party custodian.

Finally, the court cannot ignore in its consideration of detention the "record" fact of the defendant's failure to communicate with his own counsel in preparation for the trial, which ultimately had to be continued generally pending his location. (*See Motion to Vacate Trial Date*, Doc. 18, Aug. 18, 2006)

## II.

## DETENTION ORDER

Pursuant to the foregoing findings and conclusions, and after due consideration of the factors set forth in 18 U.S.C. 3142 (g it is **ORDERED** that, for good cause shown, the *Petition*, docketed as a *Motion* for revocation of pretrial release supervision, is  GRANTED, and the defendant, Reginald Randall Glanton,  is hereby REMANDED to the custody of the United States Marshal for detention pending trial or other further proceedings on the Indictment.

Done this 26th  day of September, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE